IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREEN MEADOWS PARTNERS LLP, a Texas LLC, on Behalf of Itself and All Others Similarly Situated, and Derivatively on Behalf of STEWART & STEVENSON SERVICES, INC., <br><br> *Plaintiff,* <br> v. <br><br> CHARLES S. REAM, MONROE M. LUTHER, CHARLES R. OFNER, MAX L. LUKENS, ROBERT S. SULLIVAN, and JAMES TIDWELL, <br><br> *Defendants,* <br><br> STEWART & STEVENSON SERVICES, INC., <br><br> *Nominal Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § § § C.A. NO. _____ |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 15 U.S.C. § 78bb and 28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446, and expressly reserving all other rights to respond, including any objections to personal jurisdiction or improper service, Defendants Charles S. Ream, Monroe M. Luther, Charles R. Ofner, Max L. Lukens, Robert S. Sullivan, James Tidwell, and Stewart & Stevenson Services, Inc. ("S&S") (collectively "Defendants") hereby give notice that they are removing No. 2006-32082, *Green Meadows Partners LLP v. Charles S. Ream, et al.*, In the 165th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## INTRODUCTION

On May 24, 2006, Plaintiff Green Meadows Partners LLP ("Plaintiff" or "Green Meadows")—a purported Texas LLC[1]—filed a shareholder class and derivative action against Defendants for alleged breaches of fiduciary duties. This action is the second lawsuit filed by Plaintiff's counsel against S&S alleging misrepresentations in connection with the acquisition of S&S by Armor Holdings, Inc. ("Armor").[2]

Removal of this action is authorized on least two independent grounds. First, removal is proper under the Securities Litigation Uniform Standards Act ("SLUSA"). The petition alleges that Defendants breached fiduciary duties by misrepresentations and omissions in the proxy statement filed and disseminated to S&S shareholders in connection with the proposed merger ("Proxy Statement"). Plaintiff has artfully pleaded its action in an attempt to avoid the appearance of stating claims alleging misrepresentations and omissions of material facts in connection with the purchase or sale of securities. Despite these efforts, the action plainly states

---

[1] Defendants have been unable to confirm through public records that Green Meadows is a limited liability partnership or limited liability company registered in the State of Texas, as alleged in Plaintiff's petition. Defendants' investigation to date suggests that Green Meadows is a Pennsylvania limited liability partnership. Ex A.

[2] The first lawsuit, *Marron v. Stewart & Stevenson Services, Inc.*, No. 4:06-cv-01644 (S.D. Tex.), was dismissed by Judge Werlein on May 5, 2006 because plaintiff Marron failed to comply with Tex. Bus. Corp. Act art. 5.14(c) due to his failure to properly serve a demand on the S&S board before filing the suit. Ex. H. In the *Marron* case, in which the plaintiff was represented by the same lawyers as those now representing Green Meadows, the Court noted that "[t]he demand requirement is absolute and must be strictly met under Texas law." *Id.* at 10. Because Texas law "forbids the commencement of a derivative proceeding until 90 days after the date the demand has been made," the Court held that Marron could not proceed with his lawsuit until the Defendants had adequate time to investigate his complaint. *Id.* at 15. The Court's order directed Marron to wait the statutorily required 90 days after making his demand before amending his complaint. *Id.* at 20. Plaintiffs' counsel then proceeded to file this lawsuit, again without complying with the procedural requirements for derivative actions in the Texas Business Corporation Act, which is substantially similar to the dismissed *Marron* complaint, with Green Meadows substituted as the new lead plaintiff.

allegations of misrepresentations and omissions in the Proxy Statement, as such allegations are expressly incorporated by reference into each count of Plaintiff's petition. As a result, Green Meadows asserts the same misrepresentation and omission claims which have already been dismissed once by this Court in the case previously filed by Plaintiff's counsel, styled *Marron v. Stewart & Stevenson Services, Inc.* Plaintiff's counsel consented to federal jurisdiction in *Marron*, and as shown below, Green Meadows's petition is also properly subject to removal under 15 U.S.C. § 78bb(f)(2).

Second, removal is proper based on federal-question jurisdiction. Plaintiff has alleged misrepresentations and omissions in the S&S Proxy Statement, filed in connection with the proposed merger. Such allegations are a claim under Section 14 of the Exchange Act and belongs in this Court based on the federal courts' exclusive jurisdiction to adjudicate claims arising under the Exchange Act. Indeed, Plaintiff alleges that the Defendants filed SEC Form 14A (a definitive proxy statement relating to a merger or acquisition) in connection with the proposed acquisition (Ex. F, ¶ 62); and filled five of the petition's twenty-nine pages with complaints about the alleged deficiencies in the Proxy Statement. Consistent with the federal regulatory scheme for nationally-traded securities, state courts should not decide whether disclosures in a proxy statement violate or comply with federal law.

## PLAINTIFFS' ALLEGATIONS

Green Meadows's petition echoes the *Marron* complaint previously dismissed by this Court. Both the *Marron* complaint and the *Green Meadows* petition arise from the merger agreement between S&S and Armor.[3] On April 7, 2006, S&S filed with the SEC and

---

[3] The merger agreement was executed after an extensive auction process conducted by S&S, resulting in the S&S directors choosing Armor's bid, which included consideration of $35.00 per S&S share, as that which best served the interests of the S&S shareholders. In

disseminated to its shareholders a fifty-four page Proxy Statement (excluding attachments), in which it provided comprehensive and detailed information regarding the proposed acquisition. Ex. F, ¶ 62. Less than a week after S&S distributed the Proxy Statement, Marron filed his lawsuit in Texas state court, styled No. 2006-22614, *James Marron, et al. v. Stewart & Stevenson Services, Inc., et al.* Ex. G. After *Marron* was removed to federal court and dismissed, Green Meadows, represented by the same lawyers, filed this lawsuit, again in Texas state court, and again without complying with the 90-day rule embodied in Tex. Bus. Corp. Act. art. 5.14, styled No. 2006-32082, *Green Meadows Partners LLP, et al. v. Stewart & Stevenson Services, Inc., et al.*

Plaintiff alleges two direct claims on behalf of itself and S&S's shareholders (Ex. F, ¶¶ 27, 95-98, 103-106) and two derivative claims on behalf of S&S (*Id.* ¶¶ 25, 86-94, 99-102). All four claims allege that Defendants misrepresented the S&S auction process in the Proxy Statement and breached their fiduciary duties in connection with the Armor merger.

Plaintiff specifically alleges that the Proxy Statement contained various misrepresentations and omissions so as to render it false and misleading. Ex. F ¶¶ 86, 95, 99, 103. Indeed, Plaintiff devotes at least five pages of its petition to complaints about the disclosures in the Proxy Statement. *Id.* ¶¶ 62-72. Among other things, Plaintiff alleges that:

- "Defendants have also disseminated *materially misleading and incomplete disclosures* in their proxy materials relating to the proposed Merger." *Id* ¶ 9 (emphasis supplied).

- "By May 25, 2006, SVC shareholders must decide whether to vote in favor of the Proposed Acquisition and accept the $36.50 per share from Armor or vote against the Proposed Acquisition and seek a court appraisal for their shares. Not withstanding the fact that SVC shareholders are

---

May 2006, Armor increased its offer to $36.50 per share. The S&S shareholders approved the merger on May 25.

being asked to relinquish their equity interests in the Company in an obviously tightly contested shareholder vote, *Defendants have failed to provide the Company's public shareholders with material information* necessary for shareholders to cast an informed vote on the Proposed Acquisition." *Id.* ¶ 65 (emphasis supplied).

- "*[T]he Company has failed to disclose material information and/or has disclosed misleading information* to SVC shareholders concerning the following: (1) the effect of the Oshkosh Standstill Agreement on Oshkosh's ability to make a higher offer; (b) the nature and extent of the purported regulatory issues concerning the Oshkosh Offer; (c) the interests of SVC officers and/or directors in the Proposed Acquisition; (d) the current and expected future value of SVC, including, but not limited to, the Company's most recent financial results and management projections concerning future business growth and prospects; and (e) the financial interests and specific analyses conducted by Merrill Lynch." *Id.* ¶ 66 (emphasis supplied).

- "[B]ecause the terms of Oshkosh's Standstill Agreement *have never been disclosed* to SVC shareholders, SVC shareholders are being asked to approve the Acquisition without understanding why Oshkosh — which has indicated its interests in acquiring SVC for a premium to Armor's offer — has not come forward with a higher offer." *Id.* ¶ 67 (emphasis supplied).

- "[T]he *disclosures in the Proxy are woefully inadequate* concerning the nature of the potential regulatory issues that exist with respect to a possible combination with Company A (Oshkosh)." *Id.* ¶ 68 (emphasis supplied).

- "The comments by Schiller indicate that the Company's statement regarding arrangements or agreements between Armor and employees of the Company may not be entirely forthcoming and, if true, render the *statements made by the Company in the Proxy Statement materially false and misleading.*" *Id.* ¶ 70 (emphasis supplied).

- "*[T]he Proxy does not provide the public shareholders with any information* concerning the Company's forecasts or projections going forward which were relied upon by the parties and/or their respective financial advisors in connection with the Acquisition. Moreover, *the Proxy does not include* the Company's most recent financial results." *Id.* (emphasis supplied).

- "*[M]aterial information* concerning Merrill Lynch, the Company's financial advisor, including potential conflicts of interest suffered by Merrill Lynch as well as *material information* concerning the analyses

conducted by Merrill Lynch, *is omitted from the Proxy* . . . ." *Id.* ¶ 71 (emphasis supplied).

- SVC must "re-open the prematurely ended auction, *cure the misleading disclosures* . . . ." *Id.* ¶ 85 (emphasis supplied).

- "Defendants' breaches of fiduciary duty have directly harmed SVC shareholders, who are being prevented from receiving the maximum value for their shares in this sale of the Company, and are being forced to cast uniformed votes, on *materially incomplete and inaccurate information*, in the Acquisition." *Id.* ¶ 96 (emphasis supplied).

These allegations are expressly incorporated into each of the Plaintiff's causes of action by reference. *Id.* ¶¶ 86, 95, 99, 103. The numerous references to purported disclosure violations make clear that Plaintiff is alleging, both in its capacity as a shareholder putatively representing a class of shareholders, and derivatively on behalf of S&S, breaches of fiduciary duty premised at least in part upon alleged disclosure violations.

## GROUNDS FOR REMOVAL

Plaintiff's direct causes of action are subject to removal to this Court on at least two independent grounds: (1) the removal provision under SLUSA (15 U.S.C. § 78bb) and (2) federal question jurisdiction (28 U.S.C. §§ 1331, 1337). If this Court determines that *any* of Plaintiff's claims are removable on either ground, this Court should accept jurisdiction over the entire lawsuit. *See, e.g.*, 28 U.S.C. §§ 1367, 1441(c); 15 U.S.C. § 78bb(f)(2).

### I.   Removal Is Proper Under the Securities Litigation Uniform Standards Act (15 U.S.C. § 78bb(f)(2))

SLUSA expressly authorizes the removal of securities class actions filed in state court, even if they purportedly allege state-law causes of action. Application of the SLUSA removal provision in this case is critical in order to enforce the purposes for which SLUSA was enacted. In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") to protect companies against meritless shareholder suits that were being initiated for the sole

purpose of obtaining large attorneys' fees through private settlements. *See, e.g., Newby v. Enron*, 338 F.3d 467, 471 (5th Cir. 2003). To achieve this aim, the PSLRA imposed heightened pleading standards and mandatory stays of discovery for securities fraud class actions filed in federal court. *Id.* As the Supreme Court recently noted, "[t]he magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1509 (2006). Following the enactment of the PSLRA, however, plaintiffs began to file suits in state courts under state securities laws in order to avoid the new rules imposed by the PSLRA. *Newby*, 228 F.3d at 471.

Congress enacted SLUSA in an attempt to close this "federal flight" loophole, by making federal courts the exclusive forum for class actions alleging fraud in the sale or purchase of covered securities and by providing for removal of such class actions to federal court. *Disher v. Citigroup Global Markets Inc.*, 419 F.3d 649, 653 (7th Cir. 2005); HOUSE REPORT 105-640, pp. 8-10. To that end, "Congress envisioned a broad interpretation of SLUSA to ensure the uniform application of federal fraud standards." *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 299 (3d Cir. 2005) (citing SENATE REPORT NO. 105-182). The Fifth Circuit has recognized that "[i]n enacting SLUSA Congress sought to curb all efforts to circumvent the reforms put into place by the PSLRA." *Newby*, 338 F.3d at 472. Plaintiff cannot avoid the effect of SLUSA's federal preemption by attempting to plead his disclosure claims as state law fiduciary duty claims. The Fifth Circuit has held that "[t]he issue of preemption . . . hinges on the context of the allegations—not the label affixed to the cause of action." *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004).

Plaintiff's action falls squarely within the scope of removable class actions under SLUSA. The removal provision, enacted as part of SLUSA is 15 U.S.C. § 78bb(f)(2), states as follows:

> Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f)(2).[4] Section 78bb(f)(1) states:

(1) Class action limitations. No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –

    (A)    a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

    (B)    that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

---

[4] Section 78bb(f)(5)(B)(i) defines a "covered class action" to include "any single lawsuit in which – (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . ." 15 U.S.C. § 78bb(f)(5)(B)(i).

Section 78bb(f)(5)(E) defines a "covered security" as "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under the Securities Act of 1933 [15 U.S.C. §§ 77a et seq.] pursuant to rules issued by the Commission under section 4(2) of that Act [15 U.S.C. § 77d(2)]." 15 U.S.C. § 78bb(f)(5)(E).

Section 77r(b)(1)(A) defines a "covered security" to include a security that is "listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities)." 15 U.S.C. § 77r(b)(1)(A).

15 U.S.C. § 78bb(f)(1).

Plaintiff's petition alleges a "covered class action" for purposes of SLUSA preemption under Section 78bb(f)(1). Specifically, there is no dispute that Plaintiff: (1) expressly filed this lawsuit as a class action under Texas Rule of Civil Procedure 42, putatively on behalf of all common stockholders of S&S (Ex. F, ¶ 27); and (2) expressly seeks damages on behalf of more than 50 shareholders (*id.* ¶ 29). There also is no dispute that the securities at issue in this case – S&S common stock – are listed on the New York Stock Exchange and, thus, are a "covered security" under Section 78bb(f)(2). *Id.* ¶ 20.

The only remaining question, then, is whether Plaintiff has asserted a claim based on Texas statutory or common law alleging: "(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). Subpart (A) of this provision applies because Plaintiff, in its petition, alleges a misrepresentation or omission of material facts in connection with the purchase or sale of a covered security. It has alleged throughout its petition that Defendants made material misrepresentations and omissions that render the Proxy Statement materially misleading and inaccurate to S&S's shareholders, so that they would vote for the merger, which in turn converted their shares into rights to cash. Ex. F, ¶¶ 9, 64-68, 70-71, 85-86, 95-96, 99, 103-04. Such allegations have been construed to bring similar claims within the scope of SLUSA. *E.g., Rowinski,* 398 F.3d at 302-03 (holding that SLUSA authorizes removal when misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security is alleged "in connection with" state-law claims); *see also SEC v. Nat'l Secs., Inc.,* 393 U.S. 453, 467 (1969) (when a shareholder will sell or trade his or her shares

a merger is "the purchase or sale of a covered security"); *Warner v. Alexander Grant & Co.*, 828 F.2d 1528, 1530 (11th Cir. 1987) (same); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 614 (4th Cir. 1999) (same). Consequently, this class action is removable under Section 78bb(f)(1).

Nor can Plaintiff argue that removal is not proper because its action invokes state law and is statutorily exempted from removal under Section 78bb(f)(3)(A)—the so-called "Delaware carve out." No such exemption applies in this case. Section 78bb(f)(3)(A) states:

> (3) Preservation of certain actions.
>
> (A) Actions under State law of State of incorporation.
>
> > (i) Actions preserved. Notwithstanding paragraph (1) or (2), a covered class action described in clause (ii) of this subparagraph that is ***based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity)*** may be maintained in a State or Federal court by a private party.
> >
> > (ii) Permissible actions. A covered class action is described in this clause if it involves –
> >
> > > (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
> > >
> > > (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that –
> > >
> > > > (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
> > > >
> > > > (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A) (emphasis supplied).

The Delaware carve-out exemption for actions under the state law of the state of incorporation does not apply because Plaintiff's direct claims against S&S are not cognizable

under Texas law. *Cf. Rowinski*, 398 F.3d at 305 ("The statute does not preempt particular 'claims' or 'counts' but rather preempts 'actions,'" 15 U.S.C. § 78bb(f)(1), suggesting that if any claims alleged in a covered class action are preempted, the entire action must be dismissed."). For Plaintiff's direct claims to fit into the Delaware carve-out, Plaintiff must allege a viable state-law cause of action. However, it is black-letter law in Texas, as the Fifth Circuit has recognized, that a corporation's directors do not owe a fiduciary duty to Plaintiff or the corporation's other shareholders.

> Before turning to the specific points raised by Smith, we note that Smith lacks standing at this time to assert claims against Gearhart's directors for breaches of their fiduciary obligations. This is so because such allegations may be advanced only in a shareholder's derivative suit. The reason behind this requirement is that ***the directors' duties of loyalty and care run to the corporation, not to individual shareholders or even to a majority of the shareholders. Accordingly, a cause of action for breach of directors' fiduciary duties belongs to the corporation and cannot be brought by a stockholder in his own right, nor can the shareholder directly prosecute the suit in the name of the corporation.*** Because Smith has not followed the requirements of article 5.14 of the Texas Business Corporation Act, which enumerates the prerequisites to bringing a stockholders' derivative suit, Smith has no standing to complain of alleged infringement of fiduciary obligations by Gearhart's directors.

*Gearhart Indus. v. Smith Int'l, Inc.*, 741 F.2d 707, 721-22 (5th Cir. 1984) (applying Texas law) (emphasis supplied, citations omitted); *see also Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) ("A director's fiduciary duty runs only to the corporation, not to individual shareholders or even to a majority of the shareholders"); *Hadj v. Soussan*, 2001 Tex. App. LEXIS 2033, at *9 (Tex. App.—Houston [1st Dist.] Mar. 29, 2001, no pet.) (not designated for publication) ("A corporate officer's fiduciary duty runs only to the corporation, not to individual shareholders"). Accordingly, Plaintiff's class action (as opposed to its derivative action) is not based upon the statutory or common law of the State in which the issuer is incorporated. 15 U.S.C. § 78bb(f)(3)(A)(i).

With respect to Section 78bb(f)(3)(A)(ii)(I), Plaintiff alleges that the proposed merger involves the sale of securities by S&S to Armor. *See, e.g.*, Ex. F ¶¶ 4, 55-67. In fact, the merger was structured so that an Armor subsidiary, Santana Acquisition Corp, would merge with and into S&S. Ex. E, at 9. At the effective time of the merger, pursuant to the plan of merger, the outstanding S&S shares were converted into the right to receive the $36.50 per share merger consideration (or to dissent), and the outstanding Santana shares convert into shares of S&S. *Id.* As a result S&S owns all of the outstanding shares of S&S after the merger. *Id.* Plaintiff thus cannot satisfy Section 78bb(f)(3)(A)(ii)(I)'s requirement that the class action involve "the purchase or sale of securities by the issuer or an affiliate of the issuer [*i.e.*, S&S] exclusively from or to holders of equity securities of the issuer [*i.e.*, S&S's shareholders]." 15 U.S.C. § 78bb(f)(3)(A)(ii)(I) (emphasis supplied).

SLUSA's legislative history confirms that Plaintiff's direct claims are removable. Congress intended the above exemptions to be limited to claims based on breach of fiduciary duty of disclosure in states, such as Delaware, that recognize such claims. SENATE REPORT 150-182, p. 6. The carve-out has no application in Texas, which does not recognize such claims. Because neither of the SLUSA exemptions applies, the *Green Meadows* class action is removable.

II. **Removal Is Proper Based on Federal Question Jurisdiction Because Plaintiff's Claims Regarding Alleged Misrepresentations and Omissions in the Proxy Statement Arise under the Securities Exchange Act of 1934**

Removal of Plaintiff's direct causes of action is also proper because Plaintiff's breach of fiduciary duty claims regarding alleged misrepresentations and omissions in the Proxy Statement arise under Section 14 of the Securities Exchange Act of 1934. Thus, this Court has federal question jurisdiction over those claims pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction under 28 U.S.C. § 1337 because a substantial part of Plaintiff's state

law claims hinges on interpretation of Section 14a. *See* Ex. F, ¶¶ 9, 64-68, 70-71, 85-86, 95-96, 99, 103-104.

The Supreme Court recently addressed the circumstances under which a state law claim involving federal issues may be removed to federal court. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363 (2005), the Court observed that it has "recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 2367. "The doctrine captures the common-sense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* The Court concluded that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Id.* at 2368.[5] That question has been answered affirmatively with respect to federal securities regulation, as reflected by the passage of SLUSA. *See Gerandange v. Templer*, 418 F. Supp. 2d 1169, 1173 (N.D. Cal. 2006) (using "the securities context where Congress passed [SLUSA]" as an example of the federal interest required by *Grable*).

Plaintiff's petition repeatedly alleges that the Proxy Statement contains material misrepresentations and omissions regarding the proposed merger. Ex. F, ¶¶ 9, 64-68, 70-71, 85-86, 95-96, 99, 103-104. Each of Plaintiff's causes of action incorporates and relies on the allegation of inaccurate information in the Proxy Statement. *Id.* at ¶¶ 86, 95, 99, 103. In other

---

[5] While not a prerequisite for federal question jurisdiction under *Grable & Sons Metal Products, Inc.*, the Defendants nevertheless note that the Supreme Court has recognized an implied private right of action for violation of Section 14 based on the circulation of misleading proxy statements. *See J.I. Case Co. v. Borak*, 377 U.S. 426, 430-35 (1964).

words, the foundation for Plaintiff's breach of fiduciary duty causes of actions relies on an interpretation of whether the Defendants violated Section 14a. These claims necessarily raise a disputed federal issue under Section 14 of the Securities Exchange Act of 1934 (15 U.S.C. § 78n). For example, Section 78n(a) states:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, *in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors*, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security registered pursuant to section 12 [15 U.S.C. § 78l] of this title.

15 U.S.C. § 78n(a) (emphasis supplied). Plaintiff's allegations that the Proxy Statement is "false and misleading" precisely mirror the inquiry for evaluating the propriety of disclosures in proxy statements under SEC Rule 14a-9, which states as follows:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is *false or misleading* with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not *false or misleading* or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become *false or misleading*.

17 C.F.R. § 240.14a-9 (emphasis supplied).

Resolution of Plaintiff's purported "breach of fiduciary duty" claims against Defendants, therefore, will require a court to determine whether the Proxy Statement violates or complies with Section 78n(a) and related federal rules such as SEC Rule 14a-9 above.[6] If it is

---

[6] *See Hawkins v. Nat'l Ass'n of Sec. Dealers Inc.*, 149 F.3d 300, 331-32 (5th Cir. 1998) (affirming removal of claim based on federal courts' exclusive jurisdiction over subject of claims under 15 U.S.C. § 78aa); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers Inc.*, 159 F.3d 1209, 1211-13 (9th Cir. 1998) (same); *Gobble v. Hellman*, 2002 U.S. Dist. LEXIS 26833, at *9 & *11 (N.D. Ohio Mar. 26, 2002) (sustaining removal of claim based on federal courts' exclusive jurisdiction over subject of claims under 15 U.S.C. § 78aa); *Bacardi v. Bacardi Corp.*, 677 F. Supp. 253, 255-56 (D. Del. 1988) (same).

not false and misleading under SEC Rule 14a-9, Plaintiff can hardly establish that the Proxy Statement is false and misleading.

Removal of Plaintiff's claims also would not disturb any "congressionally approved balance of federal and state responsibilities" (*Grable*, 125 S. Ct. at 2368) in determining whether disclosures in federally-mandated and federally-regulated proxy statements are false or misleading. The enactment of Section 78aa – which grants federal courts exclusive jurisdiction to adjudicate all claims arising under the Securities Exchange Act – expressly and unambiguously reflects the Congressional decision and intent to establish federal courts, rather than state courts, as the forum for resolving that type of claim. 15 U.S.C. § 78aa.

### III. Supplemental Jurisdiction Exists Over Any Non-Federal Claims Under 28 U.S.C. § 1367

Alternatively, if this Court determines that it has jurisdiction over one or more of Plaintiff's claims based on the above ground(s), this Court has supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367 (in addition to 28 U.S.C. § 1441(c) and 15 U.S.C. § 78bb(f)(2)). *See, e.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983); *Gobble*, 2002 U.S. Dist. LEXIS 26833, at *11; *Bacardi*, 677 F. Supp. at 256. Plaintiff's purported state-law claims in this case are so related to the claims that are within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. None of Plaintiff's purported state-law claims poses novel or complex issues of state law or substantially predominates over Plaintiff's federal claims.

## PROCEDURAL ISSUES

### I. Any and All Consent for This Removal Have Been Obtained

While consent of all the Defendants is not necessary to obtain removal based on federal question jurisdiction because each defendant joining in this removal has an independent

statutory right to removal under 15 U.S.C. § 78aa and 28 U.S.C. §§ 1331, 1337, and 1367, the Defendants nevertheless note that the Defendants filing this notice of removal consent to removal.[7]

## II. This Removal Is Timely Under 28 U.S.C. § 1446(b)

This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days after Defendants received a copy of Plaintiff's Shareholder Class Action and Derivative Petition, which was filed on May 24, 2006 in the state court from which this case was removed.

## III. The Defendants Will Provide Written Notification of This Notice of Removal to Plaintiff and Will File a Notification of Removal in State Court Under 28 U.S.C. § 1446(d)

Contemporaneously with the filing of this Notice of Removal, the Defendants have provided Plaintiff written notification of the notice. The Defendants also have filed a Notification of Removal attaching a copy of the notice with the Clerk of the Court for Harris County, Texas. Ex. A. The 165th Judicial District Court of Harris County, Texas is located in the Southern District of Texas, Houston Division.

## IV. The Defendants Are Filing All Materials Required By Southern District of Texas Local Rule 81

In accordance with Southern District of Texas Local Rule 81 and contemporaneously with the filing of this Notice of Removal, the Defendants have filed:

(1) Any executed process;

(2) Any pleadings asserting causes of action and any answers to such pleadings (no defendant has answered Plaintiff's Shareholder Class Action and Derivative Petition at this time);

---

[7] Alternatively, if consent of all Defendants is required, consent is needed only for defendants where there is proof of service. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (only defendants who have been served need to consent).

(3)  Any orders signed by the state court judge (which there is none at this time);

(4)  The state court's docket sheet;

(5)  An index of matters being filed; and

(6)  A list of all counsel of record, including addresses, telephone numbers, and parties represented.

## CONCLUSION

WHEREFORE the Defendants file this Notice of Removal, giving notice that the State Action has been removed from the 165th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated this 21st day of June, 2006.

Respectfully submitted,

BAKER BOTTS L.L.P.

By  *James Edward Maloney /jmcm*
(J)ames Edward Maloney
*Attorney In-Charge*
Federal Bar No. 01419
Texas Bar No. 12881500
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Tel.: 713.229.1255
Fax: 713.229.1522

ATTORNEYS FOR DEFENDANTS STEWART & STEVENSON SERVICES, INC., MAX LUKENS, MONROE M. LUTHER, CHARLES R. OFNER, CHARLES S. REAM, ROBERT S. SULLIVAN, AND JAMES M. TIDWELL

<u>Of Counsel</u>
Michael C. Massengale
Federal Bar No. 23746
Texas Bar No. 24003704
Danny David
Federal Bar No. 24028267
Texas Bar No. 24028267
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
Tel.:  713.229.1234
Fax:  713.229.1522

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a copy of Defendant's Notice of Removal and the attachments hereto were served in compliance with Federal Rule of Civil Procedure 5 and Southern District of Texas Local Rule 5.3 on June 21, 2006, upon the following:

Mr. Stephen D. Susman
SUSMAN GODFREY, L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
**Via Hand Delivery**

Mr. Marc A. Topaz
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
**Via Overnight Mail**

Mr. Laurence Paskowitz
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165
**Via Overnight Mail**

Mr. Terrell W. Oxford
SUSMAN GODFREY, L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202
**Via Overnight Mail**

Ms. Patricia Weiser
THE WEISER LAW FIRM, P.C.
121 North Wayne Avenue, Suite 100
Wayne, Pennsylvania 19087
**Via Overnight Mail**

*/s/ Michael C. Massengale*
Michael C. Massengale